NOT FOR PUBLICATION                                         [Docket No. 7]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MARGOT HOLCOMB,<br><br>    Plaintiff,<br><br>    v.<br><br>DOLORES DIANE LARGENT,<br><br>    Defendant. | Civil No. 16-4082 (RMB/AMD)<br><br>**OPINION** |

APPEARANCES:

Margot Holcomb
    _Pro Se_ Plaintiff

Robert J. McGuirl
Law Offices of Robert J. McGuirl, LLC
295 Spring Valley Road
Park Ridge, NJ 07656
    _Attorney for Defendant Dolores Diane Largent_

**BUMB**, UNITED STATES DISTRICT JUDGE:

This matter comes before the Court upon its own Order to Show Cause as to why this matter should not be transferred to the United States District Court for the Western District of Texas. On July 7, 2016, pro se Plaintiff Margot Holcomb (the "Plaintiff") brought this action against Defendant Dolores Diane Largent (the "Defendant"). On August 11, 2016, the Court gave the parties notice and issued an Order to Show Cause why this action should not be transferred to the United States District

1

Court for the Western District of Texas pursuant to 28 U.S.C. § 1404(a) [Docket No. 7].  The Court has reviewed the parties' submissions and, for the reasons set forth herein, the Court will transfer this action.

I.    BACKGROUND

Plaintiff, a New Jersey resident, brought this action against the Defendant, a Texas resident, alleging that the Defendant unduly influenced Plaintiff's daughter to sign a will making Defendant the beneficiary of her estate and that the Defendant thereafter caused the wrongful death of Plaintiff's daughter.  Complaint ("Compl.") ¶¶ 2, 4, 6, 12, 15 [Docket No. 1].  Plaintiff also alleges that the Defendant is "unjustly enriching herself" with Plaintiff's daughter's home and a commercial building, both located in Austin, Texas, as well as other assets belonging to Plaintiff's daughter, including a car, stocks, jewelry, and bank accounts.  Compl. ¶ 13.  Plaintiff seeks an order directing Defendant to vacate her deceased daughter's home in Austin, Texas and to turn over Plaintiff's daughter's belongings, and damages.

On August 4, 2016, Defendant submitted a letter, pursuant to Rule I.A. of this Court's Individual Rules and Procedures, setting forth her intention to file a motion to dismiss the Plaintiff's action for lack of personal jurisdiction [Docket No. 4].  In her letter, Defendant explains that she is a

2

resident of Texas and has no ties to New Jersey.  She has never resided or done business in New Jersey and she notes that Plaintiff does not allege any tortious acts that occurred in New Jersey.  Based on the Plaintiff's allegations and the Defendant's letter, the Court issued an Order to Show Cause why the matter should not be transferred to the United States District Court for the Western District of New Jersey, where Austin, Texas is located, pursuant to 28 U.S.C. § 1404(a).

## II.  LEGAL ANALYSIS

Section 1404(a) of Title 28 of the United States Code provides that: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The parties apparently do not dispute that this action could have been filed in the Western District of Texas, where the Defendant resides and where the property at issue in the dispute is located.

"If the proposed alternative forum is appropriate," as it is here, "it is then within the Court's discretion to transfer the action."  Taylor v. Global Credit & Collection Corp., 2010 WL 2521758, at *1 (D.N.J. June 14, 2010) (citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 883 (3d Cir. 1995)).  Indeed, "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an

'individualized, case-by-case consideration of convenience and fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). "A determination that transfer to another jurisdiction is appropriate represents an 'exercise . . . of structured discretion by trial judges appraising the practical inconveniences posed to the litigants and the court should a particular action be litigated in one forum rather than another.'" Lawrence v. Xerox Corp., 56 F. Supp. 2d 442, 450 (D.N.J. 1999) (quoting Ricoh Co. v. Honeywell, Inc., 817 F. Supp. 473, 479 (D.N.J. 1993) (quoting Liny v. E.I. Du Pont de Nemours & Co., 886 F.2d 628, 632 (3d Cir. 1989))). Thus, the district court "is vested with a large discretion" to determine when transfer should be ordered "for the convenience of parties and witnesses, in the interest of justice," pursuant to Section 1404(a). Solomon v. Continental Am. Life Ins. Co., 472 F.2d 1043, 1045 (3d Cir. 1973).

In deciding whether to transfer an action under Section 1404(a), courts in the Third Circuit consider both private and public interests, as delineated in Jumara v. State Farm Insurance, 55 F.3d 873, 880 (3d Cir. 1995). The private interest factors include:

> 1) the plaintiff's forum preference; 2) the defendant's forum preference; 3) where the claim arose; 4) the convenience of the parties as indicated

4

> by their relative physical and financial condition; 5) the convenience of the witnesses, but only to the extent they may be unavailable for trial in one of the fora; and 6) the location of books and records (similarly to the extent that they could not be produced in the alternative forum).

Id. at 879 (internal citations omitted).

Additionally, the public interest factors to be considered include:

> 1) the enforceability of the judgment; 2) practical considerations that could make the trial easy, expeditious, or inexpensive; 3) the relative administrative difficulty in the two fora resulting from court congestion; 4) the local interest in deciding local controversies at home; 5) the public policies of the fora; and 6) the familiarity of the trial judge with the applicable state law in diversity cases.

Id. at 879-80.  The Court addresses these factors below.

### A.   **Private Interest Factors**

With regard to private interests, it is clear that the Plaintiff prefers New Jersey and the Defendant prefers Texas. Generally, a plaintiff's choice of forum is "a paramount consideration" to transfer determinations, Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970), and "should not be lightly disturbed." Jumara, 55 F.3d at 879.  Here, however, Plaintiff's choice of forum warrants less deference because most, if not all, of the operative facts occurred in Texas, not in New Jersey, as discussed below.  See, e.g., Goldstein v. MGM Grand Hotel & Casino, 2015 WL 9918414, at *2 (D.N.J. Nov. 5,

5

2015) ("the plaintiff's choice of forum is discounted significantly where 'the case has little connection with the chosen forum,' and the nucleus of operative facts occurred elsewhere.") (quoting Job Haines Home for the Aged v. Young, 936 F. Supp. 223, 227-28 (D.N.J. 1996)); Newcomb v. Daniels, Saltz, Mongeluzzi & Barrett, Ltd., 847 F. Supp. 1244, 1246 (D.N.J. 1994) ("courts assign the plaintiff's choice of forum significant weight unless the case has little connection with the chosen forum.") (citing Shutte, 431 F.2d at 25); Am. Tel. & Tel. Co. v. MCI Commc'ns Corp., 736 F. Supp. 1294, 1306 (D.N.J. 1990) ("Where the operative facts of a lawsuit occur outside the forum selected by the plaintiff, that choice is entitled to less deference.") (internal citations omitted).

The parties do not truly dispute that the Plaintiff's claims arose in Texas. Indeed, Plaintiff's Complaint alleges that the Defendant resides in Austin, Texas and that the property at the heart of Plaintiff's claims is located in Texas. See Compl. ¶ 13. Plaintiff also alleges that Defendant "took [her daughter's] life, then dumped her body at the Heart of Texas Crematorium." Compl. ¶ 19. Likewise, Plaintiff's response to the Court's Order to Show Cause does not dispute that the claims arose in Texas. See generally Plaintiff's Response [Docket No. 8]. The Court has reviewed the Plaintiff's Complaint and the parties' submissions and finds that this

6

factor -- where the events and claims occurred -- weighs strongly in favor of transfer.

The convenience of the parties is neutral.  Plaintiff resides in New Jersey, while Defendant resides in Texas.  Plaintiff claims that she is disabled, elderly, and unable to fly.  On the other hand, according to Plaintiff, the Defendant is able to travel in the United States at no cost because she worked for an airline for many years.  See Plaintiff's Letter [Docket No. 5].  While those statements, if true, may weigh against transfer, certainly the court in Texas is able to provide necessary accommodations to the Plaintiff in light of her health conditions and limited mobility, if it finds such accommodations appropriate.  For example, court appearances may be conducted via video conference, as is often done to cut down on the need for travel.  In addition, it is possible that Plaintiff's deposition could be taken via video to alleviate the travel burden on her.

Defendant, in turn, contends this Court does not even have personal jurisdiction over her, given that she has never resided or done business in New Jersey and that none of the alleged tortious acts occurred in New Jersey.  It appears, at this stage, that regardless of whether this action remains in this District or is transferred to Texas, one of the parties will be

inconvenienced. The Court, therefore, finds this factor to be neutral.

The Court next considers the convenience of the witnesses. Pursuant to Federal Rule of Civil Procedure 45(c)(1):

> A subpoena may command a person to attend a trial, hearing, or deposition only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense."

Fed. R. Civ. P. 45(c)(1)(A)-(B). Neither party has identified any witnesses that would be unavailable for trial in either New Jersey or Texas. The Court notes, however, that, pursuant to Rule 45(c), any witnesses who live and work in Texas or over one hundred miles from Camden, New Jersey would likely be beyond the subpoena power of this Court. These witnesses would presumably include, for example, representatives from the Heart of Texas Crematorium and the hospital at which Plaintiff's daughter was treated. See Compl. ¶¶ 6, 19. Under Rule 45(c)(1)(B)(i), even the Defendant can only be compelled to attend trial in Texas. This factor weighs strongly in favor of transfer to Texas.

It is unclear what books and records would be relevant to the prosecution of this action. The Court notes, however, that the disputed property appears to all be located in Texas. This property includes real property, such as the house in which the

8

Defendant resides and a commercial building, both in Austin, Texas, and other personal property, such as a car and jewelry, which may not be easily transported.  This factor weighs in favor of transfer to Texas.

    **B.**    **Public Interest Factors**

As to the enforceability of any judgment against the Defendant, a judgment against Defendant would be routine in Texas, where Defendant resides and where the disputed property is located.  A judgment against Defendant in this District, however, would likely be more difficult to enforce given that Defendant has vigorously contended that she is not subject to personal jurisdiction in New Jersey.  Since there is no dispute as to personal jurisdiction over the Defendant in Texas and because the property at issue in this matter is located in Texas, this factor favors transfer.

In addition, the practical considerations weigh in favor of transfer.  The Defendant has contested the issue of personal jurisdiction before this Court and intends to file a motion to dismiss the matter for lack of personal jurisdiction in the event the Court does not transfer the case to Texas.  There would be no such dispute in Texas.  If the Court were to transfer the action to Texas, the case would be able to proceed more expeditiously without being bogged down by a motion to dismiss and the possibility of further delay by jurisdictional

9

discovery, if appropriate.  Accordingly, this factor weighs in favor of transfer.

Neither of the parties has submitted any statistics or made any arguments regarding the relative administrative difficulty in the two fora resulting from court congestion.  While this Court is available to afford the parties their day in court as expeditiously as possible, the Court nonetheless notes that, according to the Federal Court Management Statistics Profile for the District of New Jersey, the median time from filing to disposition of civil matters is 8.0 months and the median time from filing to trial in civil matters is 47.8 months, as of June 30, 2016.[1]  According to the same source, in the Western District of Texas, the median time from filing to disposition of civil matters is 6.1 months and the median time from filing to trial in civil matters is 20.4 months.  This, in addition to the delay caused by Defendant's challenge to personal jurisdiction in this District, indicates that the administrative difficulty factor weighs in favor of transfer to the Western District of Texas.

The Court also considers the local interest in deciding local controversies at home.  The only connection this matter has to this District is that the Plaintiff resides in New

---

[1] The Federal Court Management Statistics Profiles as of June 30, 2016 are available on the United States Courts' website: http://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2016/06/30-1.

Jersey.  All other aspects of the action are rooted in Texas, including the alleged conduct underlying Plaintiff's claims, the disputed property, and the residence of the Defendant.  Clearly, Texas has a strong interest in regulating the conduct of its residents and the disposition of property within its borders.  The Court finds that this matter revolves largely around interests based in Texas and, accordingly, that Texas has a greater interest in deciding this dispute.  This factor weighs in favor of transfer.

Neither party has provided the Court with arguments regarding the public policies of either fora.  As the Court sees no reason why the relevant public policies of this District or the Western District of Texas would differ as to this matter, the Court considers this factor neutral.

Finally, the Court addresses the familiarity of the trial judge with the applicable state law in diversity cases.  As a preliminary matter, this Court notes that federal courts are generally well-equipped to apply the laws of other states and frequently do so in diversity cases.  That being said, a federal court judge in Texas would almost certainly be more familiar with the Texas state laws that would likely govern Plaintiff's allegations regarding wrongful death and tortious interference with a will.  Accordingly, this factor also weighs in favor of transfer.

**III. CONCLUSION**

In sum, the private and public factors, as described above, weigh in favor of transfer and, thus, on balance, the Court finds it appropriate to transfer this action the United States District Court for the Western District of Texas, pursuant to 28 U.S.C. § 1404(a).

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
UNITED STATES DISTRICT JUDGE

Dated: September 6, 2016